CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 06 2017

JULIA C. DUDLEY, CLERK
BY: /s/ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 7:11CR00068 |
| | ) | (Civil Action No. 7:16CV81054) |
| v. | ) | |
| | ) | **FINAL ORDER** |
| ERIC VINCENT MACK | ) | |
| | ) | By: Hon. Glen E. Conrad |
| Defendant. | ) | Chief United States District Judge |

On February 28, 2012, Eric Vincent Mack pleaded guilty to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g), pursuant to a written plea agreement. A Presentence Investigation Report ("PSR") prepared in anticipation of sentencing recommended that he be classified as an armed career criminal under the Armed Career Criminal Act ("ACCA") because he had "four previous convictions for a violent felony or a serious drug offense, or both. . . ." (PSR ¶ 15, ECF No. 59.) The PSR relied on four prior convictions to support the armed career criminal designation: (1) a 2002 Virginia conviction for distribution of cocaine; (2) a 2007 Virginia conviction for possession with intent to distribute cocaine; (3) a 2007 Virginia conviction for felony eluding police; and (4) a 2009 Virginia conviction for statutory burglary. (Id. ¶¶ 22, 33, 35, 37.) With the ACCA enhancement, Mack faced a mandatory minimum sentence of 180 months' incarceration. 18 U.S.C. § 924(e)(1). Without the ACCA enhancement, Mack would have been subject to a statutory maximum of 120 months' imprisonment. 18 U.S.C. § 924(a)(2).

On June 6, 2012, the court adopted the PSR and sentenced Mack to a statutory mandatory minimum sentence of 180 months' incarceration after concluding that he qualified as an armed career criminal. Mack filed a motion to vacate his sentence under 28 U.S.C. § 2255 on June 24,

2016. In response, the government conceded that Mack's 2007 conviction for felony eluding police no longer qualifies as a predicate offense under the ACCA. In addition, for the reasons stated in the accompanying omnibus memorandum opinion, Mack's 2009 conviction for statutory burglary cannot support his armed career criminal designation. Consequently, Mack no longer qualifies as an armed career criminal and his ACCA sentence is unlawful.

Accordingly, it is hereby

### ADJUDGED and ORDERED

as follows:

1. Mack's motion pursuant to 28 U.S.C. § 2255 (ECF No. 63) is **GRANTED**;

2. The government's motion to dismiss (ECF No. 66) is **DENIED**; and

3. Mack must be resentenced. A resentencing hearing has been scheduled for January 20, 2017.

The Clerk is directed to send copies of this order and the accompanying omnibus memorandum opinion to the petitioner and all counsel of record. In addition, the Clerk is directed to close Civil Action No. 7:16CV81054 as all further action will occur in Mack's criminal case.

ENTER: This 6th day of January, 2017.

_____
Chief United States District Judge